UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
KIRAN P. ATWAL,               )
                              )
          Plaintiff,          )
                              )
          v.                  )     Civil Action No. 10-1111 (RWR)
                              )
LAWRENCE LIVERMORE NATIONAL   )
SECURITY, LLC, et al.,        )
                              )
          Defendants.         )
_____)

### MEMORANDUM OPINION AND ORDER

Pro se plaintiff Kiran Atwal brings this employment discrimination action against Lawrence Livermore National Security, LLC ("LLNS") and its Chief Executive Officer, George Miller, alleging that they discriminated against him on the basis of race in violation of 42 U.S.C. §§ 1981, 1983 and 1985, and that the defendants defamed him.  The defendants have moved to dismiss for lack of personal jurisdiction and for improper venue, or in the alternative to transfer the case to the Northern District of California.  Because Atwal has not met his burden of establishing that this court has personal jurisdiction over the defendants, and because venue is improper here but would be proper in the Northern District of California, the defendants' motion will be granted in part and the case will be transferred to the Northern District of California.

-2-

BACKGROUND

Atwal alleges that he is a former employee of LLNS in Livermore, California.  His short complaint states that from 2006 through 2008, the defendants discriminated against him and retaliated against him by suspending him, placing him on disability, and eventually terminating his employment, and defamed him by making false statements about him.  It also asserts that "[a]ll jurisdictional prerequisites for claims under Title VII have been met."  (Compl. at 2-3.)  The defendants have moved to dismiss for lack of personal jurisdiction and for improper venue.  (Defs.' Mem. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem.") at 1.)  The plaintiff opposes.

DISCUSSION

"'It is plaintiff's burden to make a prima facie showing that the Court has personal jurisdiction over the defendants.'" Gomez v. Aragon, 705 F. Supp. 2d 21, 23 (D.D.C. 2010) (quoting Ballard v. Holinka, 601 F. Supp. 2d 110, 117 (D.D.C. 2009)). That burden must be satisfied as to each individual defendant. Moore v. Motz, 437 F. Supp. 2d 88, 92 (D.D.C. 2006); see also Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990).  A plaintiff cannot rely on conclusory allegations as the basis for establishing personal jurisdiction.  Akers v. Watts, 740 F. Supp. 2d 83, 90-91 (D.D.C. 2010) (citing Moore 437 F. Supp. 2d at 91); see also Dean v. Walker, Civil Action No. 09-

-3-

2235 (EGS), 2010 WL 5209335, at *1 (D.D.C. Dec. 23, 2010)

(stating that "[b]are allegations or conclusory statements are

insufficient to establish personal jurisdiction").  "Pro se

plaintiffs are not freed from the requirement to plead an

adequate jurisdictional basis for their claims." Gomez, 705 F.

Supp. 2d at 23 (dismissing pro se plaintiffs' claims against 11

individual defendants for lack of personal jurisdiction).

Under the Federal Rules of Civil Procedure, personal

jurisdiction in this case "must be determined by reference to

District of Columbia law." United States v. Ferrara, 54 F.3d

825, 828 (D.C. Cir. 1995).  "A District of Columbia court may

exercise personal jurisdiction over a person domiciled in, . . .

or maintaining his . . . principal place of business in, the

District of Columbia as to any claim for relief."  D.C. Code

§ 13-422.  For a defendant that is not domiciled in the District

of Columbia or does not maintain its principal place of business

here, the D.C. Circuit has set forth a two-part inquiry for

assessing personal jurisdiction.  First, the court determines

whether there is a basis for personal jurisdiction under the

District of Columbia's long-arm statute.  See GTE New Media

Servs., Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir.

2000).  The District of Columbia long-arm statute allows a court

in the District of Columbia to exercise personal jurisdiction

-4-

over a defendant who does not reside in the District with regard

to claims arising from the defendant's conduct in:

> (1) transacting business in the District of Columbia;
>
> (2) contracting to supply services in the District of
> Columbia;
>
> (3) causing tortious injury in the District of Columbia
> by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia
> by an act or omission outside the District of Columbia
> if he regularly does or solicits business, engages in
> any other persistent course of conduct, or derives
> substantial revenue from goods used or consumed, or
> services rendered, in the District of Columbia[.]

D.C. Code § 13-423(a). Second, the court determines whether the

exercise of personal jurisdiction is consistent with the

requirements of due process. See GTE New Media Servs., Inc., 199

F.3d at 1347. Exercising personal jurisdiction over a defendant

comports with due process when a defendant's "minimum contacts"

with the District of Columbia establish that "the maintenance of

the suit does not offend traditional notions of fair play and

substantial justice." Int'l Shoe Co. v. Washington, 326 U.S.

310, 316 (1945) (internal quotation marks omitted). "These

minimum contacts must arise from 'some act by which the defendant

purposefully avails [himself] of the privilege of conducting

activities with the forum state, thus invoking the benefits and

protections of its laws.'" Gomez, 705 F. Supp. 2d at 23 (quoting

Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty.,

480 U.S. 102, 109 (1987) (internal quotation omitted)). "In

other words, 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'"   <u>Gomez</u>, 705 F. Supp. 2d at 23 (quoting <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980)).

Here, Atwal's complaint pleads no facts that establish personal jurisdiction over the defendants in the District of Columbia.  Neither of the defendants is alleged to be domiciled in the District of Columbia, nor does the complaint allege that the District of Columbia is their principal place of business. Moreover, Atwal's complaint does not plead an adequate basis to assert personal jurisdiction over the defendants under the District of Columbia long-arm statute.  The complaint does not allege that Atwal's claims arise from the defendants transacting business or contracting to supply services in the District of Columbia.  There are no allegations in the complaint that the harms of which Atwal complains arose from conduct that occurred in the District of Columbia, or that Atwal suffered a tort in the District of Columbia, or that LLNS regularly does business here. In their motion to dismiss the complaint, the defendants assert, and Atwal does not contest, that all of the events at issue in this litigation occurred in California.  (Defs.' Mem. at 4.)  The only mention of the District of Columbia in the entire complaint is that it is Atwal's current address.

-6-

In Atwal's opposition to the motion to dismiss, he argues
that "LLNL [sic][1] maintains offices in Washington, D.C. and has
attorneys in Washington, D.C." (Pl.'s Opp'n at 2.)  However,
Atwal's argument supplies no connection between Miller and the
District of Columbia and adds no basis for exercising personal
jurisdiction over Miller.  Nor does Atwal provide any authority
showing that a court in the District of Columbia may exercise
jurisdiction over a defendant solely because the defendant is
represented by Washington, D.C. attorneys.

Assuming the truth of the allegation that LLNS has offices
in the District of Columbia, Atwal presents no facts
demonstrating that personal jurisdiction is satisfied under the
long-arm statute.  Aside from that fact that Atwal identifies no
business transaction or service contract here or act in this
district that caused tortious injury here, he presents no office
address for LLNS here or any facts establishing that the LLNS
offices here regularly do business here.  Moreover, merely
alleging that LLNS has offices here does not establish under
§ 13-422 that the offices are LLNS' principal place of business
or that LLNS is domiciled here.  See Lindsey v. Rice, Civil
Action No. 05-219 (RMC), 2005 WL 3275918, at *2 (D.D.C. Sept. 27,
2005) (finding that plaintiff failed to establish that the

---

[1] The pro se plaintiff's filing will be construed liberally,
see Howerton v. Ogletree, 466 F. Supp. 2d 182, 183 (D.D.C. 2006),
and "LLNL" will be deemed to refer to "LLNS."

-7-

defendants were domiciled in or maintained their principal places of business in the District of Columbia where the complaint "merely provide[d] mailing addresses in the caption" that were located in the District of Columbia); see also Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192-1193 (2010) (holding that a corporation's "principal place of business" for determining diversity jurisdiction under 28 U.S.C. § 1332(c)(1) is the "nerve center," meaning the corporation's headquarters, or "the place where a corporation's officers direct, control, and coordinate the corporation's activities").

In addition, Atwal's complaint does not establish that venue is proper in the District of Columbia under 28 U.S.C. § 1391. When, as here, jurisdiction is not based solely on diversity of citizenship, the applicable venue provision is 28 U.S.C. § 1391(b), which states that venue is proper in a judicial district (1) "where any defendant resides, if all defendants reside in the same State," (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or (3) "in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b)(1)-(3).  A corporate defendant is deemed to reside in "any district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C.

-8-

§ 1391(c).  Here, Atwal has not established that all of the
defendants reside in the District of Columbia or that they are
subject to personal jurisdiction here, or that the events that
gave rise to the claim occurred here.  Since Atwal does not
dispute that the events at issue happened entirely in California,
Atwal has not shown that there is no other district in which the
action could have been brought.  Therefore, venue is not proper
in the District of Columbia.

     Although this court lacks personal jurisdiction over the
defendants and venue here is improper, this action may be
transferred nevertheless to a proper venue.  See Naartex
Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983).
Under 28 U.S.C. § 1406(a), the "district court of a district in
which is filed a case laying venue in the wrong division or
district shall dismiss, or if it be in the interest of justice,
transfer such case to any district . . . in which it could have
been brought."  Transfer is appropriate under § 1406(a) when
procedural obstacles prevent a timely adjudication on the merits.
Sinclair v. Kleindienst, 711 F.2d 291, 293-94 (D.C. Cir. 1983)
(citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962)).
Procedural obstacles include "lack of personal jurisdiction,
improper venue, and statute of limitation bars."  Sinclair, 711
F.2d at 294.  "The decision to transfer an action [under
§ 1406(a)] is left to the discretion of the Court."  Baez v.

-9-

<u>Connelly</u>, 734 F. Supp. 2d 54, 58 (D.D.C. 2010).  "Courts can determine venue by applying a 'commonsense appraisal' of events having operative significance."  <u>James v. Booz-Allen & Hamilton</u>, <u>Inc.</u>, 227 F. Supp. 2d 16, 20 (D.D.C. 2002) (quoting <u>Lamont v. Haig</u>, 590 F.2d 1124, 1134 (D.C. Cir. 1978)).  Here, the defendants suggest that transferring the case to the Northern District of California would be appropriate because "[e]very activity referenced by Atwal occurred in California, and all witnesses and documents pertinent to those activities are in California."  (Defs.' Mem. at 4.)  Atwal merely argues that "Washington D.C. is the most convenient location" for him. (Pl.'s Opp'n at 2.)

Transferring the case to the Northern District of California would be in the interest of justice.  "Generally, the interests of justice require transferring such cases to the appropriate judicial district rather than dismissing them."  <u>Poku v. FDIC</u>, 752 F. Supp. 2d 23, 25 (D.D.C. 2010).  And, a commonsense appraisal of the record reflects that Atwal's claim could have been brought in the Northern District of California.  Atwal does not dispute that the events during his employment at LLNS that gave rise to his claim occurred entirely within California, and he lists LLNS' address as Livermore, California, a city located

-10-

in Alameda County within the Northern District of California.
See 28 U.S.C. § 84.  (Defs.' Mem. at 4.)  Significantly, Atwal
pursued an underlying EEOC complaint in the Northern District of
California, not in this district.  (Compl. at 4.)  Therefore,
this case will be transferred to the Northern District of
California.

<u>CONCLUSION AND ORDER</u>

Because Atwal has failed to present specific facts on which
personal jurisdiction over these defendants can be based, and
because venue is improper here but would be proper in the
Northern District of California, it is hereby

ORDERED that the defendants' motion [3] to dismiss or in the
alternative to transfer to the Northern District of California
be, and hereby is, GRANTED IN PART.  The Clerk is DIRECTED to
transfer this case to the United States District Court for the
Northern District of California.

SIGNED this 23rd day of May, 2011.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge