HANSON BRIDGETT LLP
DOROTHY S. LIU - 196369
dliu@hansonbridgett.com
JENICA D. MARIANI - 266982
jmariani@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Gabriela B. Odell (State Bar No. 121480)
LAWRENCE LIVERMORE NATIONAL SECURITY, LLC
7000 East Avenue, L-701
Livermore, CA 94551
Telephone: (925) 423-1908
Facsimile: (925) 423-2231

Attorneys for Defendants
Lawrence Livermore National Security, LLC and
George Miller

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Kiran P. Atwal,<br><br>    Plaintiff,<br><br>    v.<br><br>Lawrence Livermore National Security, LLC, et al.,<br><br>    Defendants. | No. 3:11-cv-03030-EDL<br><br>**DEFENDANTS LAWRENCE LIVERMORE NATIONAL SECURITY, LLC AND GEORGE MILLER'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**Action Filed:** June 30, 2010<br><br>**Trial Date:** Not set |

Defendants LAWRENCE LIVERMORE NATIONAL SECURITY, LLC ("LLNS") and George Miller (collectively, "Defendants"), by their attorneys Hanson Bridgett LLP answer Plaintiff KIRAN P. ATWAL's ("Plaintiff") Complaint as follows:

- 1 -

DEFENDANTS LLNS AND GEORGE MILLER'S ANSWER TO
PLAINTIFF'S COMPLAINT (3:11-CV-03030-EDL)

3073690.2

# **COMPLAINT**

1. Defendants admit Plaintiff purports to bring this action against Defendants LLNS and George Miller. Plaintiff's Complaint ("Complaint"), 2:2-3.

2. Defendants admit Plaintiff is a former employee of LLNS. Complaint, 2:4.

3. Defendants admit Plaintiff purports to bring this action against Defendants for alleged violations of Plaintiff's civil rights, including discrimination, harassment, retaliation, and defamation in violation of, to the extent applicable, 42 U.S.C. sections 1981, 1982, 1983, and 1985 and Title VII. Complaint, 2:4-6; 2:20. Except as expressly admitted herein, Defendants deny each and every remaining material allegation in Plaintiff's Complaint.

4. Defendants deny the allegation that, "[f]rom 2006 through 2008, Mr. Atwal repeated[ly] complained to various members of management about a discriminatory, hostile workplace." Complaint, 2:6 -7.

5. Defendants deny the allegation that, "Mr. Atwal was subjected to professional and personal abuse by his manager and other members of management." Complaint, 2:7- 8.

6. Defendants deny Plaintiff's allegation that he had a "long history of excellent appraisals." Complaint, 2:9.

7. Defendants deny the allegations that, "Mr. Atwal was given negative ratings after he complained about being told he 'looked like a terrorist' and he should 'look for another job' by members of management." Complaint, 2:9 -11

8. Defendants deny the allegations that, "Defendant made false statements about Mr. Atwal on performance appraisal [sic] and made false accusations about security violations." Complaint, 2:11-13.

9. Defendants deny the allegations that, "Mr. Atwal alleges that Defendant impermissibly retaliated against him by suspending him, placing him on disability and subsequently terminating employment." Complaint, 2:13 -15.

///

- 2 -

10. Defendants deny the allegation that, "Plaintiff alleges that Defendant made false statements slandering and defaming Mr. Atwal, thereby constituting per se defamation." Complaint, 2:15 - 16.

11. Defendants admit Plaintiff filed his claim "within 90 days of receipt of the EEOC's 'right to sue' notice for the charge numbered 555-2008-00645." Complaint, 2:18 - 19.

12. Defendants neither admit nor deny the allegation that "[a]ll jurisdictional prerequisites for claims under Title VII have now been met" because this statement constitutes a legal conclusion to which no answer is required. Complaint, 2:19 – 20. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the above-referenced material allegation and, on that basis, deny this allegation.

## **AFFIRMATIVE DEFENSES**

Defendants hereby assert the following separate and affirmative defenses to Plaintiff's Complaint.

## **FIRST AFFIRMATIVE DEFENSE**

As a first and separate affirmative defense, Defendants allege that neither the Complaint nor any purported claim alleged therein states facts sufficient to constitute a cause of action against Defendants.

## **SECOND AFFIRMATIVE DEFENSE**

As a second and separate affirmative defense, Defendants allege on information and belief that Plaintiff has failed to make reasonable efforts to mitigate his damages, if any.

## **THIRD AFFIRMATIVE DEFENSE**

As a third and separate affirmative defense, Defendants allege that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches and unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

As a fourth and separate affirmative defense, Defendants allege that Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver and estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

As a fifth and separate affirmative defense, Defendants allege that Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. sections 1981, 1982, 1983 and/or 1985, Title VII, and/or any other California or federal statute(s) applicable to Plaintiff's claims.

**SIXTH AFFIRMATIVE DEFENSE**

As a sixth and separate affirmative defense, Defendants allege Plaintiff's claims are barred, in whole or in part, to the extent he has failed to comply with the applicable statutes of limitations, including but not limited to limitations stated in 28 U.S.C. section 1658(a), 42 U.S.C. section 2000e-5(f)(1), and California Civil Procedure Code section 340(c).

**SEVENTH AFFIRMATIVE DEFENSE**

As a seventh and separate affirmative defense, Plaintiff's claims are barred to the extent Defendants exercised reasonable care to prevent and correct promptly any allegedly harassing behavior and Plaintiff unreasonably failed to take advantage of Defendants' preventive or corrective opportunities, or to otherwise avoid harm. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 806-807 (1998).

**EIGHTH AFFIRMATIVE DEFENSE**

As an eighth and separate affirmative defense, Plaintiff is precluded from recovery any damages by the avoidable consequences doctrine, to the extent Plaintiff unreasonably failed to use LLNS's complaint procedure(s), or to take any preventive and/or corrective measures that LLNS provided to its employees to prevent and correct workplace retaliation, which would have prevented any alleged harm.

### NINTH AFFIRMATIVE DEFENSE

As a ninth and separate affirmative defense, Plaintiff's claims are barred to the extent Plaintiff consented to and approved of the acts or omissions complained of.

### TENTH AFFIRMATIVE DEFENSE

As a tenth and separate affirmative defense, Defendants allege Plaintiff's claims are barred, in whole or in part, because Defendants would have made the same employment decisions concerning Plaintiff absent any discriminatory or retaliatory motive.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh and separate affirmative defense, Defendants allege Plaintiff's claims are barred, in whole or in part, to the extent they are based upon communications and actions of Defendants' agents or managerial employees that were privileged.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth and separate defense, Plaintiff's defamation claim is barred to the extent the alleged defamatory statements were true. Cal. Civ. Code §§ 45, 46.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth and separate defense, Plaintiff's claim brought pursuant to 42 U.S.C. section 1983 is barred to the extent Defendants' alleged unconstitutional actions were undertaken in good faith, based upon Defendants and/or their actors' subjective and objective beliefs.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth and separate defense, Plaintiff's claims are barred to the extent they may only be asserted against state actors or state officials.

### RESERVATION OF RIGHTS

Because Plaintiff's Complaint is vague, ambiguous and written in conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendants reserve the right to assert additional defenses, if applicable.

1     WHEREFORE, Defendants prays as follows:

2     1.     Plaintiff take nothing by this action;

3

4     2.     The Court enter judgment in Defendants' favor;

5

6     3.     Defendants recover their costs in this proceeding, including reasonable attorney's fees; and

7

8     4.     The Court grant such other and further relief to Defendants as it deems appropriate.

DATED: June 28, 2011         HANSON BRIDGETT LLP

By: /s/ Jenica Mariani
    DOROTHY S. LIU
    JENICA D. MARIANI
    Attorneys for Defendants
    Law Livermore National Security, LLC.
    & George Miller