1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIRAN P. ATWAL,

            Plaintiff,

   v.

LAWRENCE LIVERMORE NATIONAL
SECURITY, LLC, et al.,

           Defendants.
_____/

No. C-11-3030 MMC

**ORDER GRANTING DEFENDANTS'
MOTIONS FOR JUDGMENT ON THE
PLEADINGS, CONSTRUED IN PART AS
MOTIONS FOR SUMMARY JUDGMENT;
AFFORDING PLAINTIFF LEAVE TO FILE
AMENDED COMPLAINT; VACATING
FEBRUARY 24, 2012 HEARING**

      Before the Court are two motions for judgment on the pleadings, filed pursuant to

Rule 12(c) of the Federal Rules of Civil Procedure:  (1) defendant Lawrence Livermore

National Security, LLC's ("LLNS") motion, filed December 5, 2011; and (2) defendant

George Miller's ("Miller") motion, filed December 5, 2011.  By order filed December 28,

2011, the Court advised the parties the Court would treat the motions for judgment on the

pleadings as motions for summary judgment to the extent the motions were based on an

argument that three claims were barred by the applicable statute of limitations.

      Thereafter, with leave of court, defendants filed a declaration in support of the

motions, plaintiff Kiran P. Atwal ("Atwal") filed a single opposition to the motions,[1] and

_____

     [1]Atwal filed his opposition on January 24, 2012, and filed an amended opposition on
January 26, 2012.  All references herein to Atwal's opposition are to the amended
opposition.

LLNS and Miller filed a joint reply.  Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for decision thereon, VACATES the hearing scheduled for February 24, 2012, and rules as follows.

### BACKGROUND

Atwal is a "former employee of LLNS."  (<u>See</u> Compl. at 2.)  According to Atwal, beginning in 2006 and continuing through 2008, he "complained to various members of management about a discriminatory, hostile workplace" and "about being told he 'looked like a terrorist' and that he should 'look for another job.'"  (<u>See</u> <u>id.</u>)  After making such complaints, Atwal alleges, he was "given negative ratings," was "suspend[ed]," was "plac[ed] on disability," and was "subsequently terminat[ed]."  (<u>See</u> <u>id.</u>)  Further, Atwal alleges, "[d]efendant made false statements about [ ] Atwal on performance appraisal[s] and made false accusations about security violations."  (<u>See</u> <u>id.</u>)  Based on said allegations, Atwal asserts that LLNS and Miller, the "CEO" of LLNS, "discriminated against him on the basis of race in violation of 42 U.S.C. §§ 1981, 1982, 1983, and 1985," violated Title VII, and "slander[ed] and defam[ed]" him.  (<u>See</u> <u>id.</u>)

### LEGAL STANDARD

**A.  Judgment on the Pleadings**

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  <u>See</u> Fed. R. Civ. P. 12(c). "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing;" a Rule 12(c) motion is subject to the same analysis as a motion to dismiss brought under Rule 12(b)(6).  <u>See</u> <u>Dworkin v. Hustler Magazine, Inc.</u>, 867 F. 2d 1188, 1192 (9th Cir.1989).

Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).  Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P.

8(a)(2)).  Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  <u>See</u> <u>id.</u>  Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>See</u> <u>id.</u> (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party.  <u>See</u> <u>NL Industries, Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]" <u>Twombly</u>, 550 U.S. at 555.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1950 (internal quotation and citation omitted).

**B.  Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that a court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  <u>See</u> Fed. R. Civ. P. 56(c).

The Supreme Court's 1986 "trilogy" of <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986), and <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986), requires that a party seeking summary judgment show the absence of a genuine issue of material fact.  Once the moving party has done so, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  <u>See</u> <u>Celotex</u>, 477 U.S. at 324 (internal quotation and citation omitted).  "When the moving party has carried

1    its burden under Rule 56(c), its opponent must do more than simply show that there is

2    some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.  "If the

3    [opposing party's] evidence is merely colorable, or is not significantly probative, summary

4    judgment may be granted." Liberty Lobby, 477 U.S. at 249-50 (citations omitted).

5    "[I]nferences to be drawn from the underlying facts," however, "must be viewed in the light

6    most favorable to the party opposing the motion." See Matsushita, 475 U.S. at 587

7    (internal quotation and citation omitted).

8                                          **DISCUSSION**

9    **A.  42 U.S.C. § 1981**

10         Atwal alleges that defendants violated § 1981.  Section 1981 prohibits discrimination

11   with respect to contracts, including employment contracts, "on account of [the plaintiff's]

12   race or ethnicity." See Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116, 1123

13   (9th Cir. 2008).  Liberally construed, the complaint alleges violations in the form of a hostile

14   work environment and retaliation.

15         Defendants argue they are entitled to judgment on the pleadings as to Atwal's

16   § 1981 claim for the reason that the complaint fails to include sufficient facts to state such a

17   claim.  The Court agrees.  Although the complaint alleges "[d]efendants unlawfully

18   discriminated against [Atwal] on the basis of race" and subjected him to a "discriminatory,

19   hostile workplace" (see Compl. at 2), the complaint does not include sufficient factual

20   allegations to support such conclusory statements. See Iqbal, 129 S. Ct. at 1950 ("While

21   legal conclusions can provide the framework of a complaint, they must be supported by

22   factual allegations").

23         First, Atwal's reliance on his allegation that "members of management" told him he

24   "looked like a terrorist" (see Compl. at 2) is unavailing; Atwal fails to allege his race and the

25   circumstances under which such statements were made, and, as a consequence, fails to

26   allege sufficient "factual content to nudge his claim of purposeful discrimination across the

27   line from conceivable to plausible." See Iqbal, 129 S. Ct. at 1952 (internal quotation and

28   citation omitted).  In other words, it cannot be fairly inferred, from the very limited facts

                                                4

1  alleged, that any manager who made such a comment acted with racial animus.

2  Moreover, although Atwal correctly observes in his opposition that a § 1981 claim can be

3  based on a theory of retaliation by an employer against an employee who has complained

4  about racial discrimination, see CBOCS West, Inc. v. Humphries, 553 U.S. 442, 457

5  (2008), Atwal does not allege sufficient facts to support a finding that he made such a

6  complaint.

7      Lastly, to the extent the claim is alleged against Miller, the complaint includes no

8  facts to support a finding that Miller had any involvement in a violation of § 1981, and,

9  consequently, Atwal fails to state a § 1981 claim against Miller for this additional reason.

10  See Whidbee v. Garzarelli Food Specialities, Inc., 223 F.3d 62, 77-75 (2nd Cir. 2000) ("A

11  claim seeking personal liability under section 1981 must be predicated on the actor's

12  personal involvement.") (internal quotation and citation omitted).

13      Accordingly, defendants are entitled to judgment on the pleadings on Atwal's

14  § 1981 claim.

15  **B.  42 U.S.C. § 1982**

16      Section 1982 prohibits a defendant from denying the plaintiff the opportunity to "rent

17  or purchase certain property or housing" on account of the plaintiff's race.  See Phiffer v.

18  Proud Parrot Motor Hotel, Inc., 648 F.2d 548, 551 (9th Cir. 1980) (setting forth elements

19  necessary to state claim under § 1982).  As defendants correctly point out, Atwal's

20  complaint does not pertain to real property or housing of any kind.  In his opposition, Atwal

21  "agrees there is no 42 U.S.C. § 1982 . . . claim."  (See Opp. at 2:6-7.)

22      Accordingly, defendants are entitled to judgment on the pleadings on Atwal's

23  § 1982 claim.

24  **C.  42 U.S.C. § 1983**

25      Atwal alleges he was subjected to discrimination in violation of § 1983.  Section

26  1983 prohibits a person, while acting under color of law, from depriving another of a federal

27  right.  See 42 U.S.C. § 1983.

28      Defendants argue the § 1983 claim is barred by the applicable two-year statute of

5

1   limitations.  See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (holding California's

2   two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983

3   claims).  In particular, defendants assert, Atwal's § 1983 claim is time-barred because it is

4   based on conduct occurring during the course of Atwal's employment.  Defendants submit

5   evidence that establishes LLNS terminated Atwal's employment effective June 20, 2008,

6   and that LLNS mailed Atwal written notice of the termination on May 22, 2008.  (See Perko

7   Decl. ¶¶ 5-6, Ex. C.)  In his opposition, Atwal does not dispute that his § 1983 is based on

8   conduct occurring during the course of his employment, and does not offer any evidence to

9   dispute defendants' showing that his employment was terminated as of June 20, 2008 or

10  that he was notified prior thereto.

11          Atwal's complaint was filed June 30, 2010, a date more than two years after the

12  effective date of Atwal's termination.  Because the effective date of Atwal's termination is

13  the latest possible date on which Atwal's § 1983 claim could have accrued, the Court finds

14  Atwal's § 1983 is, in the absence of tolling or some exception to the statute of limitations,

15  untimely.

16          Atwal asserts he is entitled to equitable tolling for the period of time in which a Title

17  VII administrative claim he submitted to the Equal Employment Opportunity Commission

18  ("EEOC") was pending.  Atwal's equitable tolling argument, however, is unavailing as a

19  matter of law.  See Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 465 (1975)

20  (rejecting argument that limitations period for § 1981 claim is tolled during pendency of Title

21  VII administrative claim before EEOC); London v. Coopers & Lybrand, 644 F.2d 811, 814-

22  15 (9th Cir. 1981) (holding, where plaintiff's § 1981 claim was time-barred in absence of

23  equitable tolling, plaintiff not entitled to equitable tolling based on application of "California's

24  'equitable tolling' principle" allowing tolling while "plaintiff is pursuing an administrative

25  remedy for the same alleged wrongdoing"; finding application of California equitable tolling

26  rule "would be inconsistent with federal law").

27          Accordingly, defendants are entitled to summary judgment on Atwal's § 1983 claim.

28  //

6

**D.  42 U.S.C. § 1985**

Atwal alleges he was subjected to discrimination in violation of § 1985, which statute prohibits conspiracies to deprive a person of certain federal rights.  See 42 U.S.C. § 1985.

Defendants argue Atwal's § 1985 claim is barred by the applicable two-year statute of limitations.  See Taylor v. Regents of Univ. of California, 993 F.2d 710, 711 (9th Cir. 1993) (holding California's "statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985"); Cal. Civ. Proc. Code § 335.1 (providing two-year statute limitations applies to personal injury actions).  For the reasons stated above with respect to Atwal's § 1983 claim, the Court agrees.

Accordingly, defendants are entitled to summary judgment on Atwal's § 1985 claim.

**E.  Title VII**

Atwal alleges defendants violated Title VII, which statute prohibits an employer from discrimination as to "compensation, terms, conditions or privileges of employment, because of [an] individual's race, color, religion, sex or national origin."  See 42 U.S.C. § 2000e-2(a)(1).  Liberally construed, the complaint alleges violations of Title VII in the form of a hostile work environment and retaliation.

Miller argues Atwal cannot state a Title VII claim against him because he is an individual and not Atwal's employer.  The Court agrees.  As the Ninth Circuit has recognized, individuals, as opposed to employers, cannot be held liable under Title VII. See Craig v. M & O Agencies, Inc., 496 F.3d 1047, 1053, 1058 (9th Cir.2007) (holding district court properly granted summary judgment in favor of supervisor on Title VII harassment and retaliation claims; noting Ninth Circuit has "long held that Title VII does not provide a separate cause of action against supervisors or co-workers"); Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir.1993) (affirming dismissal of Title VII claim against individual defendants; stating, "it is inconceivable that Congress intended to allow civil liability to run against individual employees").

LLNS argues the complaint fails to give fair notice of the factual basis of the Title VII claims.  For the reasons stated above with respect to Atwal's § 1981 claim, the Court

1   agrees.  See Surrell v. California Water Service Co., 518 F.3d 1097, 1103 (9th Cir. 2008)

2   (holding Title VII and § 1981 employment discrimination claims are analyzed using "same

3   legal principles").

4        Accordingly, defendants are entitled to judgment on the pleadings on Atwal's Title

5   VII claim.

6   **F.  Defamation**

7        Atwal alleges "[d]efendant" made "false statements slandering and defaming [ ]

8   Atwal, thereby constituting per se defamation."  (See Compl. at 2.)  Defendants argue the

9   complaint fails to state a cognizable claim for defamation.  The Court agrees.

10       The complaint fails to identify any false statement made by LLNS or Miller, let alone

11  allege facts to support a finding that any such statement was defamatory and was

12  published to a third party.  See Taus v. Loftus, 40 Cal. 4th 683, 720 (2007) (setting forth

13  elements of defamation claim).  As a result, the complaint fails to provide any notice as to

14  the basis for the claim, and thus fails to state a claim.  See Iqbal, 129 S. Ct. at 1949

15  (holding, to state claim for relief, "complaint must contain sufficient factual material").[2]

16       Accordingly, defendants are entitled to judgment on the pleadings on Atwal's

17  defamation claim.

18                                  **CONCLUSION**

19       For the reasons stated above, defendants' motions for judgment on the pleadings,

20  construed in part as motions for summary judgment, are hereby GRANTED, as follows:

21       1.  Defendants shall have summary judgment on Atwal's § 1983 and § 1985 claims.

22       2.  Defendants are entitled to judgment on the pleadings on Atwal's § 1981, § 1982,

23

---

24       [2]Defendants also argue they are entitled to summary judgment on Atwal's
    defamation claim, because any false statement must have been made during the course of
25  Atwal's employment, which as noted, ended in 2008.  In support thereof, defendants rely on
    the one-year statute of limitations applicable to defamation claims.  See Perfect 10, Inc. v.
26  Visa Int'l Service Ass'n, 494 F.3d 788, 810 (9th Cir. 2007) (holding claim for defamation
    brought under California law "must be filed within one year of publication of the allegedly
27  libelous statement").  The complaint, however, does not identify any false statement, much
    less the date of publication of any such statement.  Accordingly, defendants' additional
28  argument, based on the timeliness of Atwal's defamation claim, is premature.

defamation, and Title VII claims, and said claims are hereby DISMISSED.

3.  The Court hereby affords Atwal leave to file a First Amended Complaint to cure the deficiencies identified above with respect to: (a) his § 1981 claim against LLNS and Miller, (b) his Title VII claim against LLNS, and (c) his defamation claim against LLNS and Miller.[3]  If Atwal wishes to file a First Amended Complaint, Atwal shall file and serve it no later than March 9, 2012.

**IT IS SO ORDERED.**

Dated:  February 16, 2012

MAXINE M. CHESNEY
United States District Judge

---

[3]Atwal may not otherwise amend his complaint without first obtaining leave of court or obtaining the consent of defendants.  See Fed. R. Civ. P. 15(a)(2).